MICHAEL C. BAUM (SBN 65158)
E-Mail: mbaum@rpblaw.com
ANDREW V. JABLON (SBN 199083)
E-Mail: ajablon@rpblaw.com
STACEY N. KNOX (SBN 192966)
E-Mail: sknox@rpblaw.com
RESCH POLSTER & BERGER LLP
1840 Century Park East, 17th Floor
Los Angeles, California 90067
Telephone: 310-277-8300
Facsimile: 310-552-3209

Attorneys for Defendants San Pedro Apparel, Inc. d/b/a April; Kyung H Eom; Pacific Eurotex Corp.; and Morad Ben Neman

resch polster & berger llp

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

C&SM INT'L, a South Korea Corporation,

Plaintiff,

vs.

SAN PEDRO APPAREL, INC. d/b/a APRIL, a California Corporation; KYUNG H EOM, an Individual; PACIFIC EUROTEX CORP., a California Corporation; MORAD BEN NEMAN, an Individual; and DOES 1-10, inclusive,

Defendants.

Case No. 2:19-cv-00634-VAP-FFM

**NOTICE OF MOTION AND MOTION FOR SECURITY FOR COSTS AND ATTORNEY'S FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

*Filed Concurrently with Declarations of Sion Neman and Andrew V. Jablon*

Trial Date: None Set

**Hearing**
Date: May 13, 2019
Time: 2:00 p.m.
Ctrm: 8A

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on May 13, 2019, at 2:00 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Virginia A. Phillips, located in the United States Courthouse, 350 W. 1st Street, Los Angeles, CA 90012, defendants San Pedro Apparel, Inc., Kyung H. Eom, Pacific Eurotex Corp, and Morad Ben Neman ("**Defendants**") will and hereby do move this Court for an

Order requiring the Plaintiff C&SM Int'l ("C&SM") to post security for costs and attorney's fees in the amount of $300,000.

This Motion is made pursuant to *Cal. Code Civ. Proc.* § 1030, *Simulnet East Associates v. Ramada Hotel Operating Co.* (9th Cir. 1994) 37 F.3d 573, and upon the following grounds:

1. Plaintiff is a Korean corporation, not qualified to do business in the State of California;

2. Defendants have more than a reasonable possibility (the requisite standard) of prevailing at trial in this action;

3. The requested security is reasonable, whether viewed from Defendants' or Plaintiff's perspective.

The Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declarations of Sion Neman and Andrew V. Jablon, all other pleadings and records on file in this action, and upon such other oral and documentary argument and evidence as may be presented at or before the time of hearing.

This Motion is brought after the parties met and conferred in accordance with Local Rule 7-3. (Declaration of Andrew V. Jablon, ¶ 2.)

DATED: April 15, 2019 RESCH POLSTER & BERGER LLP

By: */S/ Andrew V. Jablon*

ANDREW V. JABLON
Attorneys for Defendants San Pedro Apparel, Inc. d/b/a April; Kyung H Eom; Pacfic Eurotex Corp.; and Morad Ben Neman



resch polster & berger llp

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........ 6

II. SUMMARY OF RELEVANT FACTS ........ 6

III. ARGUMENT ........ 8

A. The Court Has The Authority To Require The Positing Of A Bond To Secure Payment Of Any Fee And Cost Award ........ 8

B. The Court Should Order The Posting Of Security ........ 10

1. Plaintiff Is A Foreign Corporation ........ 10

2. Defendants' Have Not Only The Required Reasonable Possibility Of Prevailing, But A High Likelihood Of Prevailing At Trial ........ 10

(a) Plaintiff Cannot Establish That It Is The Owner Of A Legally Valid Copyright ........ 10

1. Plaintiff's Design Is Not Original ........ 11

2. Plaintiff Failed To Disclose That The Work Was Created By A Third Party. ........ 11

(b) Plaintiff Cannot Demonstrate Access ........ 12

(c) Plaintiff Cannot Demonstrate Copying ........ 16

3. The Requested Security Is Reasonable ........ 16

(a) Defendants Will Be Able To Recoup Fees As An Element Of Costs ........ 16

(b) Defendants Estimate That They Will Incur $463,500 In Fees And Costs Through Trial ........ 16

1. Discovery ........ 16

2. Motion Practice ........ 17

3. Expert Witnesses ........ 17

4. Trial. ........ 18

(c) The Requested Security Is Reasonable ........ 18

IV. CONCLUSION ........ 19

resch polster & berger llp

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**


*Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138 (9th Cir.2009) ........ 12

*Baltayan v. Estate of Getemyan*, 90 Cal.App.4th 1427, 110 Cal.Rptr.2d 72 (2001) ........ 9

*Baxter v. MCA, Inc.*, 812 F.2d 421 (9th Cir. 1987) ........ 14

*Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211 (9th Cir. 1997) ........ 11

*Feist Publications v. Rural Telephone Service Co.* (1991) 499 U.S. 340 ........ 10

*Frybarger v. Int'l Bus. Machines Corp.*, 812 F.2d 525 (9th Cir. 1987) ........ 12

*Interlabservice, OOO v. Illumina, Inc*, No. 15CV2171-KSC, 2016 WL 5817062 (S.D. Cal. Oct. 4, 2016) ........ 6

*Ismart Intern. Ltd. v. I-Docsecure, LLC*, No. 05-2776, 2005 WL 588607 (N.D. Cal. Feb. 14. 2005) ........ 9

*Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209 (9th Cir. 1998) ........ 10

*Pittman ex rel. L.P. v. Avish Partnership* (9th Cir. 2013) 525 Fed.Appx. 591 ........ 9

*Novelty Textile Inc. v. Wet Seal Inc.*, No. CV1305527SJOMRWX, 2015 WL 9690316 (C.D. Cal. Mar. 4, 2015) ........ 18

*Selle v. Gibb*, 741 F.2d 896 (7th Cir. 1984) ........ 14

*Simulnet East Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573 (9th Cir. 1994) ........ 9, 18


resch polster & berger llp

*Three Boys Music Corp. v. Bolton*,
212 F.3d 477 (9th Cir. 2000) ........ 12, 13

*Unicolors, Inc. v. NB Brother Corp. et al.*,
2:16-cv-02268 (C.D. Cal. October 3, 2017) ........ 12

*Wilson & Haubert*,
2014 WL 1351210 ........ 9

**Statutes**

17 USC § 505 ........ 6, 10, 16

California Code of Civil Procedure § 1030 ........ 8, 9, 10

resch polster & berger llp

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Recognizing the inherent difficulties faced by a California resident sued by a foreign corporation in enforcing a defense judgment for costs against an entity who is not within the court's jurisdiction, both Federal and State Courts in California are empowered to require a foreign corporation Plaintiff to post security as a condition of prosecuting the action. *See generally*, *Interlabservice, OOO v. Illumina, Inc*, No. 15CV2171-KSC, 2016 WL 5817062, at *3 (S.D. Cal. Oct. 4, 2016) (discussing *Cal. Civ. Proc.* § 1030 and the inherent authority of Federal Courts). Such security is warranted and authorized where a defendant can establish a reasonable possibility of prevailing at trial against an out-of-state or foreign corporate Plaintiff. This is precisely such a case.

Plaintiff C&SM Int'l ("**Plaintiff**" or "**C&SM**") has brought the instant Copyright infringement action despite irrefutable evidence that the allegedly infringing design *pre-dates* Plaintiff's alleged creation by more than a year. As discussed below, there simply is no way for Plaintiff to meet its burden of proof, and as such, defendants more than meet their burden of showing a reasonable possibility of prevailing at trial. Security to cover costs *any attorneys' fees* (as they are properly awarded as an element of costs under 17 USC § 505) should be ordered.

## II. SUMMARY OF RELEVANT FACTS

Plaintiff is a Korean corporation that purports to own copyrighted designs used on fabric. Plaintiff asserts that it sells fabric bearing such designs to companies in the United States, including Los Angeles. Plaintiff's complaint alleges infringement of a design that it has designated as C&SM 19 (the "**Subject Design**"). For the Court's convenience, a copy of the Subject Design, which is Exhibit A to the Complaint, is attached as Exhibit B to the Declaration of Andrew V. Jablon ("**Jablon Decl.**")

Plaintiff claims it purchased a design containing the principal elements of the

resch polster & berger llp

Subject Design from Blue Studio, an Italian design studio, in 2014, and thereafter formulated the Subject Design. (Jablon Decl., ¶ 4; Exh. C.) According to the Copyright Registration, a copy of which is attached as Exhibit B to the Complaint, the design was first published on September 18, 2014 in Korea, and was registered on February 18, 2015, as part of a published collection. (Docket No. 1, Exh. B.)

At issue in the Complaint are garments manufactured and sold by defendant San Pedro Apparel ("**San Pedro**"), which include as part of their trim a design element which Plaintiff contends infringes upon the Subject Design (the "**Challenged Garments**"). Plaintiff does not contend the entire Subject Design was infringed – only that one of its design elements appears as part of the trim (the "**Challenged Design**"). A photograph of the Challenged Design is attached as Exhibit C to the Complaint and, for the Court's convenience, as Exhibit C to Jablon Decl.

The fabric used to manufacture the Challenged Garments (the "**Challenged Fabric**") was purchased by defendant Pacific Eurotex Corp. ("**Pacific**") in July 2015 from its vendor in China. (Declaration of Sion Neman ("**Neman Decl.**"), ¶ 2; Exh. A.) Pacific had no role in the creation of the Challenged Design – it was simply purchased "off the shelf" based on sample headers its vendor's salesman provided to Pacific. (*Id.*)

This was not, however, the first time that Pacific purchased fabric bearing the Challenged Design. In 2013, a year prior to the alleged creation of the Subject Design, Pacific purchased fabric bearing a design designated as 11227 (the "**Prior Art**") from a different vendor in China. A photograph of the earlier purchased fabric, as well as sales records regarding the same, are attached to the Neman Declaration as Exhibits B through E. However, for the Court's convenience, below is a side-by-side comparison of the Subject Design, Prior Art, and the Challenged Design.

/ / /

/ / /

/ / /

resch polster & berger llp




Critically:

1. the Prior Art's principal element is identical to the repeating element of the Subject Design; and
2. the Prior Art's secondary element, i.e., the images at the corners of the design, also appears in the Challenged Design, where the secondary design element of the Subject Design does not (thus clearly establishing that the Challenged Design sold by Defendants was a colorized version of the Prior Art, not Plaintiff's design).

## III. ARGUMENT

### A. The Court Has The Authority To Require The Positing Of A Bond To Secure Payment Of Any Fee And Cost Award

California Code of Civil Procedure Section 1030 permits a court to require an undertaking "to secure an award of costs and attorney's fees," which may be awarded to a defendant if (1) "the plaintiff resides out of state or is a foreign corporation" and (2) "there is a reasonable possibility that the moving defendant will obtain judgment in the action...." Although "there is no specific provision in the Federal Rules of

resch polster & berger llp

Civil Procedure relating to security for costs[,] .... federal district courts have inherent power to require plaintiffs to post security for costs." *Simulnet East Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994). "Typically, federal courts ... follow the forum state's practice with regard to security for costs ...; this is especially common when a non-resident party is involved." *Id.*; see also *Ismart Intern. Ltd. v. I-Docsecure, LLC*, No. 05-2776, 2005 WL 588607, *8-10 (N.D. Cal. Feb. 14. 2005) (applying California Code of Civil Procedure § 1030 in evaluating a motion for security for costs); and *Pittman ex rel. L.P. v. Avish Partnership* (9th Cir. 2013) 525 Fed.Appx. 591, 592–593.

As such, Federal Courts in California, in addition to looking to *Cal. Civ. Proc. Section* 1030 for guidance, consider three factors when determining whether to order that an undertaking be filed:

> (i) the degree of probability/improbability of success on the merits, and the background and purpose of the suit; (ii) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective; and (iii) the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective.

*Simulnet, supra*, 37 F.3d at 576.

However, for purposes of the first prong of this analysis, "the 'reasonable possibility' standard is relatively low." *Wilson & Haubert*, 2014 WL 1351210, at *3; *see Baltayan v. Estate of Getemyan*, 90 Cal.App.4th 1427, 1432, 110 Cal.Rptr.2d 72 (2001) ("Respondents were not required to show that there was no possibility that appellant could win at trial, but only that it was *reasonably possible* that respondents would win." (emphasis in original)).

As discussed below, in light of the Prior Art, there is more than a "reasonable possibility" that defendants will prevail at trial or on summary judgment. Plaintiff simply will not be able to prove its meritless case. Moreover, once Defendants secure



resch polster & berger llp

a judgment in their favor, they will be entitled to recoup as an element of their costs, the attorneys' fees incurred in connection with their defense of this action. 17 USC § 505. Accordingly, and as Defendants reasonably estimate incurring in excess of $473,500 in fees and costs, the requested security of $300,000 – i.e., less than 65% of the estimated fees and costs – is eminently reasonable from either party's perspective.

**B. <u>The Court Should Order The Posting Of Security</u>**

**1. Plaintiff Is A Foreign Corporation**

Initially, there is no dispute that Plaintiff is a foreign corporation. The Complaint attests that Plaintiff "is a corporation organized and existing under the laws of South Korea." (Docket No. 1, ¶ 4.) Moreover, Plaintiff is not authorized to do business in California. (Jablon Decl., ¶ 5.) Accordingly, Plaintiff falls squarely in the category of plaintiffs covered by Section 1030, i.e. Plaintiff "resides out of state" and "is a foreign corporation." Cal. Code Civ. Proc. § 1030.

**2. Defendants' Have Not Only The Required Reasonable Possibility Of Prevailing, But A High Likelihood Of Prevailing At Trial**

Plaintiff will need to demonstrate three things to prevail at trial: (1) that it is the owner of a legally valid Copyright in the Subject Design; (2) Defendants' access to the Subject Design; and (3) Defendants' copying thereof. *See Feist Publications v. Rural Telephone Service Co.* (1991) 499 U.S. 340, 361. Plaintiff cannot establish any of these elements of its case.

**(a) <u>Plaintiff Cannot Establish That It Is The Owner Of A Legally Valid Copyright</u>**

Here, although Plaintiff has a copyright registration, that registration is not valid, thereby barring its claim. "Copyright registration is not a prerequisite to a valid copyright, but it is a prerequisite to a suit based on a copyright." *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1211 (9th Cir. 1998). As discussed below, defects in Plaintiff's registration are fatal to its claims.

resch polster & berger llp

Moreover, even if the registration were valid, Plaintiff will not be able to rely on the presumption of validity attached to a copyright registration, as that presumption is rebuttable. *See Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997) ("To rebut the presumption, an infringement defendant must simply offer some evidence or proof to dispute or deny the plaintiff's prima facie case . . . ."). By way of the Prior Art, there is no question that Defendant has offered more than simply "some evidence or proof" to rebut Plaintiff's prima facie case. As such, Plaintiff will need to produce admissible evidence of not just ownership of the Subject Design, but that it is an original work of art.

1. Plaintiff's Design Is Not Original

As detailed above, the Prior Art establishes that the Subject Design is not an original work of art. It is, simply put, a knock off of the Prior Art. This alone is fatal to Plaintiff's claims.

Of course, even if the Subject Design were not a knock off of the Prior Art, at a bare minimum, the evidence of the Prior Art more than rebuts any presumptions afforded by the registration. *Entm't Research Group, supra,* 122 F.3d at 1217. As such, it is incumbent on the Plaintiff to provide admissible evidence as to the Subject Design's creation and alleged originality, a burden it cannot meet.

2. Plaintiff Failed To Disclose That The Work Was Created By A Third Party.

Moreover, and further rebutting any presumptions afforded the registration, Plaintiff has acknowledged that it is not the author of the Subject Design – despite claiming to be so in its Copyright Registration. (Jablon Decl., ¶ 4; Exh. D.) Plaintiff having failed to disclose that the work is, at best, a derivative of the Blue Studio purchased design, this too serves to rebut the presumptions afforded the registration. The design's authorship by a third party is an independent basis for requiring Plaintiff to provide admissible evidence as to originality and ownership – again, a burden that it cannot meet.



resch polster & berger llp

**(b) Plaintiff Cannot Demonstrate Access**

As noted, in order to prove its claim, not only will Plaintiff need to establish ownership of a legally valid copyright, but Plaintiff will also need to show Defendant's access to the work in order to establish copying. *Frybarger v. Int'l Bus. Machines Corp*., 812 F.2d 525 (9th Cir. 1987). "To prove access, a plaintiff must show a reasonable possibility, not merely a bare possibility that an alleged infringer had the chance to view the protected work." *Art Attacks Ink, LLC v. MGA Entm't Inc*., 581 F.3d 1138, 1143 (9th Cir.2009). "Access may not be inferred through mere speculation or conjecture." *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000). Moreover, since Pacific purchased the challenged fabric "off the shelf" from its supplier in China (Neman Decl., ¶ 2.), Plaintiff will need to demonstrate that Pacific's Chinese vendor had access to the subject design.

The recent decision in *Unicolors, Inc. v. NB Brother Corp. et al*., 2:16-cv-02268 (C.D. Cal. October 3, 2017), is instructive. There, Unicolors accused NB Brother of infringing a textile design embodied in women's shorts (the "NH-52 shorts"). The defendant acquired the NH-52 shorts "off the shelf" from a Chinese vendor, Longshun. Despite finding substantial similarity between Unicolors' design and the design on the NH-52 shorts, the Court denied summary judgment, as Unicolors could not provide evidence of Longshun's, the vendor's, access to Unicolors' design.

> Unicolors has not presented evidence of any "chain of events" linking the Subject Design and the NH-52 Shorts. In connection with its summary judgment motion, the only arguments Unicolors made regarding access were that (1) it sold a total of 36,614.10 yards of fabric printed with the Subject Design between December 2014 and May 2015, and (2) NB Brother's principal place of business is 1.6 miles away from Unicolors' principal place of business.



resch polster & berger llp

> Unicolors presented no new theories or evidence of access at trial. The distance between NB Brother's and Unicolors' offices has no bearing on the question of Longshun's opportunity to access the Subject Design, as Longshun is based in China and NB Brother purchased the NH-52 Shorts from Longshun as finished products rather than asking Longshun to manufacture shorts out of fabric imprinted with a pattern similar to the Subject Design. Unicolors has not established Longshun's access to the Subject Design under a "widespread dissemination" theory either. In its statement of uncontroverted facts filed in connection with its summary judgment motion, Unicolors stated that it "provided fabric samples [of the Subject Design] to prospective customers, who are primarily suppliers to the Los Angeles and New York fashion industry," and then sold "approximately 36,614.10 yards of the fabric" to some of those customers. Unicolors has presented no evidence that 36,000 or 37,000 yards of fabric is a substantial amount in the context of wholesale textile sales. Without anything else (and Unicolors has not presented anything else), it would be mere speculation to conclude that Longshun, a Chinese company had the opportunity to view and copy the Subject Design as a result of Unicolors' sale of 36,614.10 yards of fabric in the U.S. Id.

Here, it is it expected that Plaintiff will be unable to rely on "wide spread distribution" (*Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000)) to establish access. And it would be rank conjuncture to conclude that Pacific's Chinese vendor had access to the design by virtue of Plaintiff's sales in the United

resch polster & berger llp

States and Korea.

Moreover, Plaintiff cannot rely on the claim that the designs are "strikingly similar" to establish an inference of access (*Baxter v. MCA, Inc*., 812 F.2d 421, 423 (9th Cir. 1987)), as the Prior Art necessarily rebuts any contention that independent creation, coincidence or prior common source are not possibilities. *Selle v. Gibb*, 741 F.2d 896, 901 (7th Cir. 1984).

If two designs are "so 'strikingly similar' as to preclude the possibility of independent creation, copying may be proved without a showing of access." *Lipton v. Nature Co.*, 71 F.3d 464, 471 (2d Cir. 1995); *Three Boys Music*, 212 F.3d at 485 (in the absence of any proof of access, "a copyright plaintiff can still make out a case of infringement by showing that the songs were 'strikingly similar'"), citing *Smith v. Jackson*, 84 F.3d 1213, 1220 (9th Cir. 1996). However, "[s]triking similarity is a high bar." *Briggs v. Blomkamp*, 70 F. Supp. 3d 1155, 1167 (N.D. Cal. 2014). "At base, 'striking similarity' simply means that, in human experience, it is virtually impossible that the two works could have been independently created." 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 13.02[B] (2005).

Critically, a "plaintiff has not proved striking similarity sufficient to sustain a finding of copying if the evidence as a whole does not preclude any reasonable possibility of independent creation." *Stewart v. Wachowski*, 574 F. Supp. 2d 1074, 1098 (C.D. Cal. 2005) (quotation omitted). "Evidence of the manner in which a defendant created its work is 'logically relevant' to determining whether copying occurred." *Stabile v. Paul Smith Ltd*., 137 F.Supp.3d 1173, 1188 (C.D. Cal. 2015) (citing *Granite Music Corp. v. United Artists Corp*., 532 F.2d 718, 720 (9th Cir. 1976)).

The facts presented are, in fact, similar to those in *Gold Value Int'l Textile, Inc. v. Forever 21, Inc.*, No. CV1607174RSWLAJWX, 2018 WL 2328202 (C.D. Cal. May 22, 2018). There, the

> Defendant has presented uncontroverted evidence of fabric



resch polster & berger llp

> similar to the fabric used to create the Accused Garments. Such fabric came from Xinhong, Reliable's fabric vendor for the Accused Garments. Ma Xue Yang, the owner of Xinhong, stated in her Declaration that she sold 2,000 yards of this similar fabric, named QT 780, on June 23, 2013, which is prior to the October 24, 2013 registration of the '509 Registration. Decl. of Ma Xue Yang in Supp. of Def.'s Mot. for Summ. J. ¶ 4, Ex. 1, ECF No. 57–5. Therefore, the QT 780 fabric was in existence prior to the registration of the Subject Design. Further, a comparison of the QT 780 fabric and the Accused Garments shows the similarities between the two fabrics. Both fabrics share an identical Aztec-style diamond pattern. The main difference between the two fabrics is the crochet pattern, which is below the identical zig zag pattern on each work. The similarities of the two works and the fact that the fabrics came from the same vendor support the reasonable possibility that the fabric for the Accused Garments was created independently of the Subject Design.

*Id.*, *8.

Faced with such evidence, the Hon. Ronald S.W. Lew noted that

> The evidence as a whole does not preclude the reasonable possibility that the fabric for the Accused Garments could have been independently created. Therefore, Plaintiff has failed to show that "the two works are not only similar, but are so strikingly similar as to preclude the possibility of independent creation." *Stabile*, 137 F. Supp. 3d at 1188 (quotation omitted).



resch polster & berger llp

*Id.* The same conclusion is mandated here – Plaintiff cannot point to "striking similarity" as evidence of access.

**(c) <u>Plaintiff Cannot Demonstrate Copying</u>**

Finally, and most importantly, in light of the existence of the Prior Art, Plaintiff will be unable to establish copying. The Challenged Design is nothing more than a colorized version of the Prior Art, which predates the Subject Design by more than a year. The only party to have engaged in improper copying, therefore, is Plaintiff.

**3. The Requested Security Is Reasonable**

**(a) <u>Defendants Will Be Able To Recoup Fees As An Element Of Costs</u>**

Initially, as noted above, pursuant to 17 USC § 505, as part of a defense judgment, Defendants are entitled to recoup their fees as an element of costs. Accordingly, in ascertaining the proper measure of security, the Court can and should consider the attorneys' fees likely to be incurred, not just costs.

**(b) <u>Defendants Estimate That They Will Incur $463,500 In Fees And Costs Through Trial</u>**

In order to litigate the instant action through trial, Defendants estimate their fees and costs as follows:

1. <u>Discovery</u>

A. <u>Written</u>: It is expected that Plaintiff will serve Requests for Production on each of the named defendants, along with Interrogatories and Requests for Admissions. Defendants will serve Requests for Production of Documents and Interrogatories. Defendants estimate they will incur at least $25,000 in preparing and responding to written discovery. (Jablon Decl., ¶ 7(A)(i).)

B. <u>Depositions</u>: It is expected that Plaintiff will seek to depose, at least, the corporate designees for each defendant, and has indicated that it will want to depose the Chinese vendor that supplied the Prior Art. Defendants will seek to depose, at a minimum, Plaintiff's corporate designee and the Italian design company

resch polster & berger llp

that purportedly created the subject design. Assuming a total of six (6) depositions in the United States, as well as two (2) international depositions, Defendants estimate they will incur at least $25,000 in costs and $75,000 in attorneys' fees associated with preparing for and conducting or defending said depositions. (Jablon Decl., ¶ 7(A)(ii).) This does not include fees and costs associated with expert discovery, as discussed below.

2. <u>Motion Practice</u>

A. Non-Dispositive Motions: In addition to the instant Motion, it is expected that there will be at least one discovery motion. Defendants have incurred, or will incur, approximately $8,500 in connection with the instant motion, and estimate that any discovery motion will result in an additional $10,000 in fees. (Jablon Decl., ¶ 7(B)(i).)

B. <u>Dispositive Motions</u>: Defendants will move for summary judgment, and expect to incur at least $40,000 in fees in connection with the same. In the event Plaintiff moves for summary judgment, it is expected that Defendants will incur at least $25,000 in responding to the same. (Jablon Decl., ¶ 7(B)(ii).)

3. <u>Expert Witnesses</u>

A. It is expected that Defendants will engage:

1. An expert witness to testify regarding the lack of originality of the Subject Design, including the striking similarity between the Subject Design and the Prior Art. It is estimated that the expert witness fees, including time for her to conduct research, prepare an expert report, and to testify at trial, will be $50,000. (Jablon Decl., ¶ 7(C)(i)(1).)

2. An expert witness on recoverable profits. It is estimated that the expert witness fees, including time for her to conduct research, prepare an expert report, and to testify at trial, will be $50,000. (Jablon Decl., ¶ 7(C)(i)(2).)



resch polster & berger llp

3. Defendants further estimate an additional $15,000 in attorneys' fees and $5,000 in costs (primarily the costs of transcripts and court reporters) associated with working with the expert witnesses and defending their depositions. (Jablon Decl., ¶ 7(C)(i)(3).)

B. In the event Plaintiff engages an expert witness, Defendants anticipate an additional $7,000 in fees and $3,000 in costs associated with deposing said witness. (Jablon Decl., ¶ 7(C)(ii).)

4. Trial.

In the event that the matter is not resolved by way of dispositive Motion, Defendants estimate that the trial will take four to five days. Including pre-trial preparation, therefore, Defendants estimate they will incur at least $130,000 in fees and $20,000 in costs associated with preparing for and conducting the trial on this matter. (Jablon Decl., ¶ 7(D).)

Accordingly, based on the foregoing, Defendants estimate that should this matter be litigated through trial, they are likely to incur approximately $473,500 in fees and costs in connection with defending this meritless action.

**(c) The Requested Security Is Reasonable**

Based on the above estimates, the requested security of $300,000 represents less than 65% of Defendants' anticipated fees and costs incurred in defending this matter through trial. Defendants are limiting their request to the reduced amount to reflect the potential that the matter is resolved by way of a dispositive Motion prior to trial, and prior to completion of all discovery.

While the reduced percentage request coupled with the detailed analysis of likely fees and costs are sufficient to evidence the reasonableness of the request under *either* parties' perspective (*Simulnet*, 37 F.3d at 576), Defendants' note, by way of example, that in *Novelty Textile Inc. v. Wet Seal Inc.*, No. CV1305527SJOMRWX, 2015 WL 9690316, at *3 (C.D. Cal. Mar. 4, 2015), an action involving the allege infringement of a fabric print design, the plaintiff was awarded $397,248.40 in fees

resch polster & berger llp

and costs as part of its judgment. The plaintiff in that case, Novelty Textile Inc., was represented by, among others, the same attorneys representing the plaintiff here.

## IV. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court issue an Order requiring the posting of security in the amount of $300,000 as a condition of further prosecution of this action.

DATED: April 15, 2019 RESCH POLSTER & BERGER LLP

By: */S/ Andrew V. Jablon*

ANDREW V. JABLON
Attorneys for Defendants San Pedro Apparel, Inc. d/b/a April; Kyung H Eom; Pacific Eurotex Corp.; and Morad Ben Neman

resch polster & berger llp

resch polster & berger llp

## PROOF OF SERVICE

***C&SM Int'l. v. San Pedro Apparel, Inc., et al.***
**Case No. 2:10-cv-00634-VAP-FFM**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1840 Century Park East, 17th Floor, Los Angeles, CA 90067.

On April 15, 2019, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION FOR SECURITY FOR COSTS AND ATTORNEY'S FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action as follows:

C. Yong Jeong, Esq.
Jeong & Likens, L.C.
222 South Oxford Avenue
Los Angeles, CA 90004

Attorneys for Plaintiff

Tel: 213-688-2001
Fax: 213-315-5035
E-mail: jeong@jeonglikens.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 15, 2019, at Los Angeles, California.

/s/ Noemi Tariche
Noemi Tariche